UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONICA NORMAN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:08-cv-02125 |
| | § | |
| GLOBAL LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY, AND CUNA | § | |
| MUTUAL INSURANCE SOCIETY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Remand. (Doc. No. 7.) After considering the parties' filings and the applicable law, the Court finds that Plaintiff's Motion should be denied.

### I. NOTICE OF REMOVAL

The parties dispute whether Defendants' Notice of Removal was properly filed. Plaintiff argues that Defendants failed to follow proper removal procedures because all of the Defendants did not join the removal as required by 28 U.S.C. § 1446(a). Defendants contend that removal was proper even though one Defendant filed its formal Notice of Consent to Removal after the 30-day deadline for removal.

Plaintiff filed her Petition in the 157th Judicial District Court of Harris County, Texas on May 30, 2008. (Doc. No. 7, Ex. A-1.) On June 11, 2008, Defendant CUNA Mutual Insurance Society ("CUNA Mutual") was served. On July 7, 2008, Defendant CUNA Mutual filed its Notice of Removal in the United States District Court and indicated Co-Defendant Globe Life and Accident Insurance Company's ("Globe Life")

1

consent. (Doc. No. 7, Ex. A.) On July 17, 2008, Defendant Globe Life filed its Notice of Consent to Removal. (Doc. No. 7, Ex. B.)

A notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b); *See, e.g., Canales v. Telemundo*, No. C-07-442, 2008 WL 110446 **2-3 (S.D. Tex. January 8, 2008) (holding that the time period for filing a notice of removal does not begin until proper service occurs). In addition to the statutory guidelines, courts require all defendants to consent to the removal. *See, e.g., Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002).

Not all defendants have to sign the removal petition itself; however, there must be some "timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir.1988) (remanding to the district court for further determination if a remand to start court was required where defendant A did not allege that defendant B had authorized it to formally—or otherwise—represent to the court that B had consented to the removal). In the instant case, proper service occurred on June 11, 2008, and Defendants' time for filing its Notice of Removal expired between CUNA Mutual's Notice of Removal and Globe Life's Notice of Consent. CUNA Mutual explained in the Notice of Removal: "Globe Life consents to this removal as indicated by its Notice of Consent to Removal which will be filed herein." (Doc. No. 7, Ex. A.) Globe Life did not sign the Notice of Removal. (Doc. No. 7, Ex. A.)

Where an attorney is authorized to represent all defendants, each defendant need not separately sign the notice of removal. *See Nixon v. Wheatley*, 368 F.Supp.2d 635, 639 (E.D.Tex. 2005) (both defendants represented by the same attorney); *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 201-202 (6th Cir. 2004) (defendants represented by different attorneys in the case). Globe Life's lawyer was so authorized: Lawrence Greer, representing Global Life in the case, testifies via affidavit that he was authorized by Globe Life to give his consent, he consented to the removal of the case prior to the filing of the notice of removal, and CUNA Mutual was thereby authorized by Globe Life to represent its consent to the Notice. (Doc. No. 8, Ex. A.) In addition, even if a question remained as to whether CUNA Mutual was authorized to consent for Globe Life, where consent is formally ratified after the removal period, remand is not always required. *See Gillis* 294 F.3d at 759 (declining to remand because of "exceptional circumstances" where some members of the board informally consented to the removal notice, and attempted to schedule a full board meeting within the period, but formally ratified consent outside statutory period).

## II. CONCLUSION

Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 12rd day of November, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**